UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BALBOA CAPITAL CORPORATION,

    Plaintiff,

v.

MILLAN GMQ STONE SOLUTION, LLC, et al.,

    Defendants.

Case No. 1:24-cv-130

Hopkins, J.
Bowman, M.J.

### REPORT AND RECOMMENDATION

Through counsel, Plaintiff Balboa Capital Corporation ("Balboa") initiated this lawsuit on March 13, 2024, alleging that the Defendants Millan GMQ Stone Solution, LLC ("Stone Solution") and Yoan G. Millan ("Millan") breached a contract for the lease of commercial equipment. On July 8, 2024, the Clerk filed an Entry of Default against Defendants after they failed to appear. (Doc. 22). On August 19, 2024, Balboa filed a motion for default judgment, which motion has been referred to the undersigned for initial review. (Docs. 23, 24). The undersigned now recommends that Plaintiff's motion be GRANTED.

    **I.    Allegations of the Complaint**

Balboa is a California corporation with its principal place of business in Costa Mesa, California, and is the assignee of a commercial equipment lease agreement ("Lease") that is the subject of this lawsuit. The original Lease for imaging equipment ("Copiers") was entered into by Verdant Commercial Capital, LLC ("Verdant") and Stone Solution. Defendant Millan is the CEO of Stone Solution.

On December 19, 2022, Stone Solution signed a Delivery and Acceptance

1

Certificate representing delivery of the Copiers to its location in Tampa, Florida. The Lease, for a term of 63 months, was executed on December 23, 2022. (*See* Doc. 1, ¶¶ 10, 12, 13; *see also* Exhibits at Doc.1-1 and Doc. 1-2). Under the Lease terms, the monthly rental rate was $2,140.00. (*Id.*, ¶ 12). In order to induce Verdant to enter into the Lease with Stone Solution, Defendant Millan signed a personal Guaranty whereby he "unconditionally and irrevocably" guaranteed the "prompt payment and performance of all obligations" under the Lease. (*Id.*, ¶ 28; *see also* Doc. 1-1).

On or about January 11, 2023, following execution of the Lease and delivery of the Copiers, Verdant assigned its rights, title and interest under the Lease to Balboa. (Doc. 1, ¶ 14). The Lease permitted the assignment without notice to Defendants; Balboa had no relationship with Defendants other than Verdant's assignment of the Lease. (*Id.*, ¶ 15; *see also* Doc. 1-1, ¶12).

Under the Lease, ownership of the Copiers was to remain with Balboa, with Stone Solution to retain possession so long as payments were timely made. (*Id.*, ¶17). However, Stone Solution's last payment to Balboa was in May 2023. (*Id.*, ¶ 18). Balboa alleges that Stone Solution's failure to make monthly payments from June 2023 through January 2024 constitutes a breach of the Lease, as well as a default. (*Id.*, ¶ 19-20). Therefore, Balboa declared the entire balance of the rental payments to be immediately due and payable. (*Id.*, ¶ 21).

The terms of the Lease, as well as those of the Personal Guaranty, both specify that the agreements "will be governed by the laws of the State of Ohio" and that the parties "consent to the jurisdiction of any state or federal court located within Ohio." (Doc. 1-1, PageID 9). In its first claim for breach of contract, Balboa alleges that Stone Solution owes

2

past-due monthly rental payments in the amount of $126,260.01, plus pre-judgment interest, plus post-judgment interest, plus late charges, plus costs, expenses and attorneys' fees. (*Id*., ¶ 26). After Stone Solution's default, Balboa demanded payment from Millan as required by his Guaranty. In its second claim, Balboa asserts that Millan is jointly and severally liable for all damages under the Lease. (*Id*., ¶¶ 29, 31-33). In Count Three of the complaint, Balboa alleges that Stone Solution has been unjustly enriched by the acceptance of the Copiers without satisfying its payment obligations, and seeks damages equal to those owed under the Lease. (*Id*., ¶34).

**II.     Analysis**

In order to obtain a default judgment under Federal Rule of Civil Procedure 55, a plaintiff first must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Plaintiff accomplished that on July 8, 2024. (Doc. 22).

Upon the Clerk's entry of default, the complaint's factual allegations regarding liability are taken as true, but the amount of damages must be proven. However, in appropriate cases, a court may determine the amount of damages without a hearing.

> Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")). The Court finds an evidentiary hearing unnecessary in this case.

*Mickens v. Sweet Twist Frozen Yogurt, LLC*, 2021 WL 2069762, at *2 (S.D. Ohio May 24, 2021).

In the case presented, Plaintiff's motion is well-supported not only by a memorandum that contains appropriate citation to statutory authority, but by the Affidavit of an Assistant Vice President, Senior Associate Counsel of Balboa that confirms both the basis for contractual liability and the calculation of damages against both Defendants. (Doc. 23, Poulos Aff., PageID 122-125). Plaintiff also has included evidence that Defendant Millan is not a minor or incompetent, and is not in the military service of the United States under the Servicemembers Civil Relief Act ("SCRA"). (*Id.*, ¶4, PageID 122; *see also* Doc. 23, Gecht Aff., PageID 127-128; Doc. 23, Affidavit in Compliance with the SCRA, PageID 130-134). Pursuant to the express terms of both the Lease and the Guaranty, upon default, both Defendants are liable for past due rent plus present value rent in addition to costs and attorneys' fees incurred by Balboa in enforcing its rights and pursing its remedies under the agreements. (Doc. 1-1, Equipment Lease & Guaranty ¶ 19; *see also* Doc. 23, Poulos Aff. ¶6, PageID 123).

Although the undersigned is satisfied that both Defendants are jointly and severally liable to Balboa under the Lease and Guaranty agreements, it is not clear that either would be liable under the "unjust enrichment" theory asserted by Balboa in Count Three of its complaint. The Court assumes that Balboa's third claim is pleaded in the alternative, to the extent that either Defendant contested their contractual obligations. However, since neither Defendant has appeared, their contractual obligations are undisputed.

"Under Ohio law, a plaintiff may not recover under the theory of unjust enrichment when an express contract covers the same subject." *Bihn v. Fifth Third Mortg. Co.*, 980 F.Supp.2d 892, 904 (S.D. Ohio 2013) (citing *Wuliger v. Mfrs. Life Ins. Co. (USA)*, 567 F.3d 787, 799 (6th Cir. 2009)). Exceptions exist, such as when the existence of a contract

is in dispute. Another exception exists when there are allegations of fraud, illegality or bad faith, so long as the fraud or bad faith has occurred during the formation of the contract. *TLC Realty 1 LLC v. Belfor USA Group, Inc.*, 166 F.Supp.3d 919, 930 (S.D. Ohio 2016); *see also R.J. Wildner Contracting Co., Inc. v. Ohio Turnpike Comm'n*, 913 F. Supp. 1031, 1043 (N.D.Ohio1996) (citing *Eyerman v. Mary Kay Cosmetics*, 967 F.2d 213, 222 (6th Cir.1992)). Here, Balboa does not allege the existence of any exception that would permit dual recovery for unjust enrichment. For that reason, the undersigned recommends entry of judgment only on the breach of contract claims against both Defendants.

Plaintiff has tendered a Proposed Order granting its motion for Entry of Default Judgment. (Doc. 23-1). In the interest of judicial economy, the undersigned incorporates the amounts listed in the calculation of damages language of that Proposed Order.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for the entry of default judgment (Doc. 23) be **GRANTED**, with judgment to be entered against Defendants Millan GMQ Stone Solution, LLC and Yoan G. Millan, jointly and severally, in the amount of $135,575.00, plus post-judgment interest on the unpaid principal balance of $126,260.01 at the federal statutory interest rate, plus attorneys' fees incurred through August 2, 2024 in the amount of $19,611.00, plus costs incurred through August 5, 2024 in the amount of $581.56, plus additional costs, expenses, interest, and attorneys' fees incurred to prepare and file the Motion and to enforce and collect the judgment.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BALBOA CAPITAL CORPORATION,

    Plaintiff,

    v.

MILLAN GMQ STONE SOLUTION, LLC, et al.,

    Defendants.

Case No. 1:24-cv-130

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).